IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

CHAD JOHNSON,

        Plaintiff,

v.

MARCI CRAWFORD,

        Defendant.

Civ. No. 1:18-cv-01114-AA

**OPINION & ORDER**

AIKEN, District Judge.

Plaintiff Chad Johnson seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. For the reasons set forth below, the Complaint, ECF No. 1, is DISMISSED with leave to amend. The Court shall defer ruling on Plaintiff's IFP petition pending submission of an amended complaint.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Plaintiff Chad Johnson alleges that Defendant Marci Crawford denied his right to representation and due process. Although the Complaint does not say precisely who Crawford is, the Court infers that she is employed in some capacity by the Oregon Department of Human Services and is somehow involved in a juvenile dependency action involving Johnson's son.

The Complaint in this case is disjointed and unclear.[1] From what the Court can understand, the Oregon Department of Human Services took custody of Johnson's son following allegations of misconduct by Johnson. Johnson denies the allegations and it appears that a court case of some kind was opened and subsequently closed. It also appears that DHS does not permit Johnson to have custody of his son. As to Crawford, Johnson alleges that she "has failed to comply with *1 and your honor." Compl. 5. The Court is at a loss concerning this allegation, both because this Court has never issued any directions to Crawford and because Johnson does not explain what he means by "*1." Johnson also asks that this Court preemptively deprive Crawford of the assistance of counsel, apparently as a punitive measure. The Court finds this ill-considered request to be both frivolous and malicious. The only other factual basis for a claim that Johnson advances is the following:

> Marci stated to my lawyer that I could not record our assessement [sic]. Marci Crawford then stated that she would meet with my self [sic], Michael Bertholf for my assessment to keep her written answers honest[.] She failed to keep that appointment of [F]riday nor returned his calls to confirm a time.

Compl. 7.[2]

---

[1] This is the fifth *pro se* complaint that Johnson has filed in recent months: *Johnson v. Oregon Department of Human Services*, 1:18-cv-00377-AA; *Johnson v. Brown et al.*, 1:18-cv-00758-AA; *Johnson v. Stewart*, 1:18-cv-00761-AA; and *Johnson v. Osborne at al.*, 1:18-cv-0660-MC. All of the prior cases were dismissed without being served on the defendants for failure to state a claim and then terminated when Johnson failed to file an amended complaint within the allotted time. At least two of these cases, *Johnson v. Oregon Department of Human Services* and *Johnson v. Brown et al.* seem to have dealt with Johnson's juvenile dependency dispute.

[2] The Complaint does not explain who Michael Bertholf is, but it appears that he was Johnson's attorney in the underlying DHS action, contradicting Johnson's claim that he was denied assistance of counsel.

Johnson fails to explain how either the prohibition on recording the unexplained assessment or the missed appointment constitutes a violation of his due process rights. The Complaint contains scattered and disconnected references to other constitutional rights, including equal protection, double jeopardy, and the right to counsel, but Johnson does not clearly explain how Crawford infringed any of those rights.

In light of the Complaint's internal contradictions and factual deficiencies, the Court concludes the Johnson has failed to state a claim. The Complaint will therefore be DISMISSED with leave to amend. As the Court explained in its Orders dismissing Johnson's previous *pro se* cases, Johnson must bear in mind that the Court does not know anything about the facts of his case, other than what he chooses to include in the amended complaint. Johnson should carefully explain what has happened, who has done what, how he believes he was injured by the actions of the defendants, and why he believes that the defendants should be held liable for the injury.

## CONCLUSION

For the reasons set forth above, the Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in the entry of a judgment of dismissal. The Court defers ruling on Plaintiff's petition to proceed IFP, ECF No. 2, until Plaintiff files an amended complaint or the time for doing so has expired.

It is so ORDERED and DATED this 26th day of June, 2018.

ANN AIKEN
United States District Judge